IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**ANA VIDOTTE,** *Individually,*
*and on behalf of herself and*
*others similarly situated,*

 Plaintiff,

           v.                                    No. **2:26-cv-02058**

**FITNESS VENTURES, LLC, FITNESS**
**VENTURES – WHITE STATION, LLC**
and **FITNESS VENTURES - CORDOVA,**
**LLC**

                                            **FLSA Multi-Plaintiff Action**
                                            **JURY DEMANDED**

Defendants.

_____

**FIRST AMENDED FLSA MULTI-PLAINTIFF ACTION COMPLAINT**
_____

Plaintiff, Ana Vidotte, ("Plaintiff"), brings this action against Fitness Ventures, LLC, Fitness Ventures – White Station, LLC and Fitness Ventures - Cordova, LLC ("Defendants") as a multi-plaintiff action to recover unpaid wages, as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages for Plaintiff and other similarly situated current and former commissioned personal trainers.

2. Plaintiff alleges she and those similarly situated were not paid for all their work hours at the applicable FLSA minimum wage rates of pay within weekly pay periods during all times material to this cause of action.

3. Defendants either failed to record all of the work hours of Plaintiff and others similarly situated into their time keeping system or "edited-out" such hours from their time keeping system during all times material to this Complaint.

4. Irrespective, the commissions she and those similarly situated received were insufficient to equal at least the applicable FLSA minimum wage rate of $7.25 per hour for all their hours worked within weekly pay periods, during all times relevant to this action.

## II.    JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendants in this district. Also, Defendants have conducted and continue to conduct business in this district during all times material to this action.

## III.    PARTIES

7. Plaintiff, Ana Vidotte, was employed by Defendants as a commissioned personal trainer within this district during the relevant period herein (her "Consent to Join" is attached as *Exhibit A*).

8. Defendant, Fitness Ventures, LLC, is a Florida limited liability company with its principal office address listed as 999 Douglas Avenue, (Suite 3328), Altamonte, Florida 32714. Defendant's registered agent for service of process is Cogency Global, Inc., 115 North Calhoun Street (Suite 4), Tallahassee, Florida 43401.

9. Defendant, Fitness Ventures – White Station, LLC, is a Florida limited liability company with its principal office address listed as 999 Douglas Avenue, (Suite 3328), Altamonte

Springs, Florida 32714. Defendant's registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

10. Defendant, Fitness Ventures - Cordova, LLC, is a Florida limited liability company with its principal office address listed as 999 Douglas Avenue, (Suite 3328), Altamonte Springs, Florida 32714. Defendant's registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

11. Defendants, Fitness Ventures – White Station, LLC and Fitness Ventures – Cordova, LLC are subsidiaries of Fitness Ventures, LLC.

12. Defendants are an integrated enterprise as that term is defined by the FLSA because their business activities, which are performed through a unified operation, are for a common business purpose - under the control and operation of Fitness Ventures, LLC.

13. Defendants are joint employers of Plaintiff and other similarly situated commissioned personal trainers and are jointly and severally liable for the FLSA violations addressed hereinafter,

## IV.   COVERAGE

14. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

15. Plaintiff and all other similarly situated persons performed work for Defendants during all times relevant to this action.

16. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering the time keeping and pay policies and practices related to them during all times relevant to this Complaint.

17. Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

18. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

19. At all times pertinent, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees have engaged in interstate commerce during all times material to this action.

## V.   ALLEGATIONS

20. Defendant, Fitness Ventures, LLC, is the parent entity of Fitness Ventures – White Station, LLC and Fitness Ventures - Cordova, LLC and owns and operates 60 "crunch gyms" in 28 states, including in the State of Tennessee (Plaintiff worked as a commissioned personal trainer for Defendants at their White Station and Cordova locations in Tennessee during all relevant times).

21. Plaintiff and those similarly situated performed compensable hours of work for Defendants within weekly pay periods during all times material but were not paid at least the FLSA minimum wage rate of $7.25 per hour for all such work hours and were not paid one-and-a-half times the minimum wage for their overtime hours.

22. Defendants had full knowledge of Plaintiff and those similarly situated performing work within weekly pay periods without being paid for such hours at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times pertinent.

23. Defendants failed to keep accurate pay and time keeping records of Plaintiff and those similarly situated at all relevant times.

24. The unpaid overtime claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA statutory violations.

25. Defendants willfully and with reckless disregard of the clearly established FLSA wage requirements failed to compensate Plaintiff and those similarly situated for all their work hours within weekly pay periods at the applicable FLSA minimum wage rate of pay.

26. Defendants' conduct was without a good faith basis.

27. The net effect of Defendants' common policy and practice of failing to pay Plaintiff and those similarly situated for all their compensable hours of work within weekly pay periods at the applicable FLSA minimum wage and overtime rates of pay was to save payroll costs and payroll taxes.

28. As a consequence, Defendants enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

29. Plaintiff and those similarly situated are entitled and hereby seek to recover back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants for all their unpaid hours at the FLSA minimum wage rate of pay.

30. Although at this stage Plaintiff is unable to state the exact amount owed to her and those similarly situated, she believes such information will become available during the course of discovery.

31. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.     MULTI-PLAINTIFF ALLEGATIONS

32.  Plaintiff brings this action on behalf of herself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), as follows:

> All current and former commissioned personal trainers of Defendants who were employed anywhere in the United States at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs").

33.  The claims under the FLSA may be pursued by those who join this cause of action under 29 U.S.C. § 216(b).

34.  The exact number of potential plaintiffs is unknown to Plaintiff at this time, but can be determined through applicable discovery.

35.  The claims of Plaintiff are typical of the claims of those similarly situated.

36.  Plaintiff and potential plaintiffs are similarly situated in that they worked for Defendants during all times material and were subject to the same operational, compensatory, and time keeping policies and practices, including not being paid for all their work hours at the FLSA minimum wage rate of pay within weekly pay periods, as previously addressed.

37.  Plaintiff and potential plaintiffs are also similarly situated because their unpaid wage claims are unified through a common theory of Defendants' FLSA statutory violations.

38.  Plaintiff will fairly and adequately protect the interests of potential plaintiffs as their interests are mutually aligned.

39.  Plaintiff has no interests adverse to potential plaintiffs.

40.  Plaintiff has retained competent counsel who are experienced in FLSA multi-plaintiff litigation.

41. The FLSA multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individuals in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

42. Plaintiff and those similarly situated have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FLSA VIOLATIONS

43. Plaintiff incorporates all preceding paragraphs as though fully rewritten herein.

44. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all times relevant herein, Defendants employed Plaintiff and those similarly situated within the meaning of the FLSA.

46. At all times relevant herein, Defendants have had a common policy and practice of willfully failing to pay Plaintiff and potential plaintiffs the applicable FLSA minimum wage and overtime rates of pay for all their work hours within weekly pay periods during all times material to this action, as previously described.

47. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week and overtime compensation of at least one and one-half times the respective regular hourly rates of pay for hours in excess of 40 per week. During all times relevant, Defendants' common policy and practice of willfully failing to pay Plaintiff and those similarly situated for all their work hours within weekly pay periods at

the FLSA minimum wage rate of pay has resulted in their claims being unified through a common theory of Defendants' FLSA violations.

48. Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 255(a) by such failings.

49. Plaintiff and those similarly situated performed work for Defendants within weekly pay periods without being paid by at least the applicable FLSA minimum wage rate of pay and any applicable FLSA overtime compensation rates of pay for such work during all times material herein, as previously addressed.

50. As such, Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated all the minimum wages and overtime compensation owed to them.

51. Due to Defendant's willful FLSA violations and the lack of a good faith basis for their violations, Plaintiff and those similarly situated are entitled to recover compensation from Defendants for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA. 29 U.S.C. § 216(b).

## COUNT II
## PLAINTIFF VIDOTTE'S FLSA RETALIATION CLAIM

52. Plaintiff incorporates by reference all preceding paragraphs as fully as rewritten herein.

55. Plaintiff Ana Vidotte was unlawfully discharged from her employment with Defendants in retaliation for complaining to Defendants about their pay policies and practices.

56. Plaintiff Vidotte's complaints to Defendants about their pay policies and practices were protected activities under 29 U.S.C. § 215(a)(3).

57. Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Vidotte's employment in retaliation for her engaging in activity protected under the FLSA.

58. Defendants had no other basis to terminate Plaintiff Vidotte's employment but for exercising her protected rights under 29 U.S.C. § 215(a)(3).

59. Instead of providing Plaintiff Vidotte with minimum wage and overtime compensation in accordance with the FLSA, Defendants stopped scheduling Plaintiff (effectively reducing her hours to zero), revoked Plaintiff's access to her workplace's server and website, and ignored Plaintiff's attempts to clarify her employment status by phone and text messaging – effectively terminating her employment.

60. Plaintiff Vidotte's termination of employment was causally connected to her protected activity in that she was discharged from her employment shortly after complaining to Defendants about their pay policies and practices.

61. Defendants were aware of Plaintiff Vidotte's protected activity before terminating her employment.

62. As a result of her unlawful termination, Plaintiff Vidotte has suffered monetary damages, compensatory damages, and other legal and equitable damages.

63. Defendants' conduct was willful and in reckless disregard of clearly established FLSA retaliatory provisions in terminating Plaintiff Vidotte's employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of herself and potential plaintiffs, request the Court to enter judgment in their favor on this Complaint and:

A. Promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b);

B. Award Plaintiff and potential plaintiffs who join this action all of their unpaid

compensation;

C. Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA;

D. Award Plaintiff and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiff and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F. Award post-judgment interest and court costs as allowed by law;

G. Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

H. Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

I. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 6, 2026.                          Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***